**SO ORDERED.**

**SIGNED this 04 day of May, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | |
| FRANK VIGNOLA, | |
| Debtor. | Case No. 08-04897-8-JRL |
| | |
| ESTATE OF VIRGINIA | |
| VIGNOLA-CAVALLONE., | Adversary Proceeding No.: |
| Plaintiff, | 08-00260-8-AP |
| v. | |
| FRANK VIGNOLA, | |
| Defendant. | |

_____

## ORDER

This case is before the court on the objection for request for production of documents and motion for protective order, by Frank Vignola (the "Debtor"), and the cross-motion seeking to compel discovery and related relief, by the Estate of Virginia Vignola-Cavallone ("Plaintiff"). On April 27, 2009, the court conducted a telephonic hearing on this matter.

### BACKGROUND/PROCEDURAL HISTORY

On June 8, 2007, the Superior Court of New Jersey for Bergen County (the "New Jersey

Court") entered a judgment determining that the Debtor's mother was legally incapacitated and appointing the Debtor's sister, Maria Rulton, as the sole guardian of the person and property of the mother. The New Jersey Court also directed the Debtor to return all monies belonging to the mother. Pursuant to a decision rendered on August 24, 2007, the New Jersey Court determined that the Debtor had "failed and refused to return his mother's funds, being approximately $125,000.00."[1]

The Debtor filed a voluntary chapter 7 petition on July 22, 2008. In his petition, the Debtor listed his obligation to the Plaintiff under Schedule F as an unsecured nonpriority claim in an amount "unknown" and described as "Disputed - Regarding Guardian Matter." On December 18, 2008, the Plaintiff filed an adversary proceeding against the Debtor in this court seeking to except the amount of money owed to his mother from discharge and to compel the turnover and accounting of these funds. The complaint alleged that the Debtor's refusal to return $125,000.00 to the Plaintiff constituted actual fraud, fraud in a fiduciary capacity, and conversion. On January 29, 2009, the Plaintiff served interrogatories and a notice to produce documents upon the Debtor. On March 6, 2009, the Debtor filed an objection to the request for production of documents, asserted that he was not obligated to answer the interrogatories under the Fifth Amendment, and moved for a protective order directing the Plaintiff to provide a time and place to produce documents. In response, the Plaintiff filed a cross-motion on March 17, 2009 seeking to compel the Debtor to provide answers to the interrogatories and sufficient facts supporting his assertion of the Fifth Amendment privilege. Subsequently, on March 27, 2009, the Debtor filed answers to the interrogatories in which he asserted his Fifth Amendment right against self-incrimination.

---

[1] In the Matter of Virginia Vignola-Cavallone, Docket No. P-538-06 (N.J. Super. Ct. Ch. Div. Bergen County Aug. 24, 2007).

2

**DISCUSSION**

At hearing, the Plaintiff consented to the Debtor's request that the production of documents be made by mail service and without any obligation to appear in the State of New Jersey. As a result, the Debtor's objection to the Plaintiff's request for production of documents and motion for protective order are moot. The sole remaining issue before the court is whether the Debtor properly asserted the Fifth Amendment privilege in his answers to interrogatories.

The failure to deny an allegation in which a responsive pleading is required constitutes an admission of that allegation. FED. R. CIV. P. 8(b)(6); FED. R. BANKR. P. 7008. However, the Fifth Amendment privilege, when properly invoked, can avoid the operation of this Rule. North River Ins. Co. v. Stefanou, 831 F.2d 484, 486 (4th Cir.), cert. denied, 486 U.S. 1007 (1988). As the Fourth Circuit explained in Stefanou, the Fifth Amendment privilege against self-incrimination "protects an individual . . . from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions." Id. at 486-87. When invoking the privilege, the party claiming it must "affirmatively assert it . . . with sufficient particularity to allow an informed ruling on the claim." Id. at 487. In the course of discovery proceedings, the Fifth Amendment privilege must be accompanied by "specifics sufficient to provide the court with a record upon which to decide whether the privilege has been properly asserted as to each question." Id.

The Plaintiff maintains that the Debtor's answers to interrogatories consisted of blanket and conclusory assertions that failed to incorporate sufficient information in support of his claimed Fifth Amendment privilege. In addition, the Plaintiff argues that the Fifth Amendment privilege is inapplicable with respect to some of the questions. In response, the Debtor argued at

hearing that the questions regarding possession and use of funds were subject to the Fifth Amendment privilege because admitting to taking the Plaintiff's money would insinuate criminal liability on the part of the Debtor.  Further, the Debtor asserted that the Fifth Amendment privilege was available with respect to questions concerning his defense to allegations that his obligation to the Plaintiff was excepted from discharge on the basis of fraud, conversion, and the misuse of money.

Upon review of the interrogatories filed by the Plaintiff, the court finds that the Fifth Amendment privilege is not applicable with respect to Question 7, which asks the Debtor whether any funds belonging to the Plaintiff came into the Debtor's possession, custody or control.  The Fifth Amendment privilege does not apply because answering this question would not give rise to potential criminal liability as to the Debtor.  However, the court sustains the Debtor's claim of Fifth Amendment protection with respect to Questions 6 and 9-17.  These questions ask for all facts upon which the Debtor relies in his defense to allegations involving fraud, willful and malicious injury, and misuse of money.  Similarly, the court sustains the Debtor's Fifth Amendment privilege as to Question 8, which asks the Debtor to admit to the misuse of money.  The court finds that the Debtor's assertion of the Fifth Amendment privilege is both sufficient and proper as to these questions because they ask the Debtor to state under oath facts that, if true, would possibly give rise to criminal liability.

Based on the foregoing, the cross-motion to compel discovery and related relief is ALLOWED as to Question 7.  The Debtor is required to provide a responsive pleading to Question 7 of the interrogatories filed by the Plaintiff.  With respect to Question 6 and Questions 8-17, however, the Debtor's claim of the Fifth Amendment privilege is sustained and the motion

to compel a response is DENIED.  The Debtor's objection to request for production of documents and motion for protective order is moot.

"END OF DOCUMENT"